UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TERRANCE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:21-cv-2741-SHM-tmp |
| | ) | |
| AMY WEIRICH, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER MODIFYING THE DOCKET;
PARTIALLY DISMISSING COMPLAINT (ECF NO. 1) WITH PREJUDICE;
PARTIALLY DISMISSING COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE;
GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE;
AND DENYING MOTION FOR ISSUANCE OF SUBPOENAS (ECF NO. 5)**

On November 30, 2021, Plaintiff Terrance Williams ("Williams"), who at the time of filing was incarcerated at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed a *pro se* civil complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2). On December 1, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.)

Williams alleges claims of: (1) malicious prosecution; (2) false arrest; and (3) false imprisonment, arising from criminal charges against Williams in August 2019 for aggravated kidnapping, aggravated assault, and aggravated rape. (ECF No. 1-1 at PageID 4-8.)

Williams sues eight (8) Defendants: (1) Shelby County, Tennessee; (2) Amy Weirich, who served as the District Attorney General of Shelby County at the time of the events alleged in the complaint; (3) Assistant District Attorney Ray Gilbert; (4) Assistant District Attorney Muriel

Malone; (5) Assistant District Attorney Megan Fowler (Weirich, Gilbert, Malone, and Fowler are referred to as the "Individual Defendants"); (6) Sergeant. C. Wages; (7) the Memphis Police Department (the "MPD"); and (8) Judge Lee Coffee of the 30th Judicial District Criminal Court in Shelby County, Tennessee. (*Id*. at PageID 1-2.)

Williams seeks: (1) the filing of charges against the Defendants for obstruction of justice; and (2) over two million ninety-five thousand dollars ($2,095,000.00) in damages in varying amounts from each Defendant. (*Id*. at PageID 3.)

The Clerk shall modify the docket to add the City of Memphis as a Defendant.

The complaint (ECF No. 1) is before the Court. For the reasons explained below, the complaint is: (1) PARTIALLY DISMISSED WITH PREJUDICE; and (2) PARTIALLY DISMISSED WITHOUT PREJUDICE. Leave to amend is GRANTED as to the claims that are dismissed without prejudice.

I. **SCREENING OF THE COMPLAINT**

    A. **LEGAL STANDARD**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-

2

pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and Rule 8 requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

B. **REQUIREMENTS TO STATE A CLAIM UNDER § 1983**

Williams sues under 42 U.S.C. § 1983. (ECF No.1 at PageID 1.) To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

II.   ANALYSIS

   A.   CLAIMS THAT AROSE BEFORE OCTOBER 30, 2020

Williams alleges that on August 1, 2019, his alleged victim (the "Victim") of aggravated kidnapping, aggravated assault, and aggravated rape issued a false statement to law enforcement (the "Original Statement"). (ECF No. 1-1 at PageID 4.) The Original Statement led to an arrest warrant for Williams. (*Id.* (alleging Williams was "accused of false allegations … on August 1, 2019").) Williams alleges that the Victim provided another statement to law enforcement on August 8, 2019 (the "Second Statement"), in which the Victim partially recanted her Original Statement. (*Id.*) Williams was arrested on August 10, 2019. (*Id.*) Williams alleges that the Individual Defendants maliciously prosecuted Williams, despite the Individual Defendants' actual knowledge of the Second Statement's partial recantation of the Original Statement. (*Id.* at PageID 4-6.)

To the extent one or more of the complaint's claims arose before October 30, 2020, one year before Williams's complaint is deemed filed, those claims are time-barred by the one-year statute of limitations applicable to § 1983 claims in Tennessee. (*See* Tenn. Code Ann. § 28-3-104(a)(1)(B); *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634-35 (6th Cir. 2007); ECF No. 1 at PageID 3 (deemed filed on October 30, 2021); *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting the mailbox rule for federal *pro se* prisoner filings).) "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted); *see also Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016). Federal law dictates that the statute of limitations begins to run at the time the plaintiff "knows or had reason to know" of the alleged injury through "reasonable diligence." *Eidson*, 510

4

F.3d at 635; *Sevier*, 742 F.2d at 272.  The plausible inference from the complaint is that Williams knew of his alleged constitutional deprivation in August 2019.  To the extent the complaint alleges claims arising from conduct that occurred before October 30, 2020, those claims are DISMISSED WITH PREJUDICE as untimely.

  B.  <u>**CLAIMS AGAINST THE MPD AND SHELBY COUNTY; OFFICIAL CAPACITY CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**</u>

Williams is proceeding *pro se*, and the date on which his alleged false imprisonment ended is unclear from the complaint.  The Court will consider whether Williams's claims under § 1983 survive screening under the PLRA, to the extent his claims are not otherwise time-barred.

To the extent the complaint alleges claims against the MPD, *see* ECF No. 1, Williams fails to state a claim to relief.  It is well-established that a police department is not a suable entity under § 1983.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("[T]he Police Department is not an entity which may be sued"); *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, at *2 (M.D. Tenn., Aug. 25, 2010) ("[S]ince *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit").  Williams's claims against the MPD are construed as claims against the City of Memphis, *see generally Hafer v. Melo*, 502 U.S. 21 (1991), because police departments can properly be characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 F. App'x 470, 475 (6th Cir. 2005).

To the extent Williams alleges claims against the Individual Defendants in their official capacities[1], those claims are construed as claims against their employer – *i.e.*, Shelby County.  *See Jones v. Union Cnty.*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews*, 35 F.3d at 1049).

---

[1] The complaint is silent about whether Williams sues the Defendants in their official or individual capacities.  "Absent a specification of capacity, it is presumed that a state official is


The City of Memphis and Shelby County may be held liable only if Williams' injuries were sustained pursuant to an unconstitutional municipal custom or policy of the City of Memphis or Shelby County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Williams does not allege that he has been deprived of a constitutional right because of a policy or custom of the City of Memphis or Shelby County. Instead, Williams alleges violations of his constitutional rights in the prosecution of criminal charges brought against him. (ECF No. 1-1 at PageID 4-5.) Williams insufficiently alleges a claim to relief against the City of Memphis or Shelby County or against the Individual Defendants in their official capacities.

The complaint fails to allege facts demonstrating a claim to relief against the City of Memphis, Shelby County, or the Individual Defendants in their official capacities. All of those claims are DISMISSED WITHOUT PREJUDICE.

---

sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593).

### C. CLAIM OF MALICIOUS PROSECUTION AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

The complaint alleges that the Individual Defendants maliciously prosecuted Williams by pursuing charges of aggravated kidnapping, aggravated assault, and aggravated rape. (ECF No. 1-1.) Williams's claim of malicious prosecution fails as a matter of law. The Individual Defendants are immune to Williams's claim of malicious prosecution under the doctrine of prosecutorial immunity.

Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). A prosecutor's decision to bring or not to bring charges against a particular person is protected by prosecutorial immunity. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). A prosecutor's conduct outside the judicial phase of the criminal process, such as conduct as an investigator or administrator, is not protected by prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *see also Roybal v. State of Tenn. Dist. Attorney Gen.'s Office for Montgomery Cnty.*, 84 F. App'x 589, 590 (6th Cir. 2003) (finding that the district court properly concluded that prosecutorial immunity barred the claims against the district attorneys general in their individual capacities (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991))

Williams alleges no facts suggesting that his malicious prosecution claim against the Individual Defendants arises from conduct they took outside their prosecutorial role. Williams alleges instead that the criminal charges against him were improper. Williams's malicious prosecution allegation against the Individual Defendants arises solely from actions they took in

their traditional roles as prosecutors for the State. The Individual Defendants are immune from suit for that conduct. The prosecution of aggravated kidnapping, aggravated assault, and aggravated rape charges against Williams were taken in the course of traditional prosecutorial functions.

Williams's claim of malicious prosecution against the Individual Defendants in their individual capacities is barred by the doctrine of prosecutorial immunity and is DISMISSED WITH PREJUDICE.

### D.  CLAIMS OF FALSE IMPRISONMENT AND FALSE ARREST AGAINST WAGES IN HIS INDIVIDUAL CAPACITY

Williams alleges that, based on the Victim's Original Statement, Wages obtained an arrest warrant for Williams for the offenses of aggravated kidnapping, aggravated assault, and aggravated rape. (ECF No. 1-1 at PageID 4.) Williams alleges that, despite the Victim's Second Statement, in which the Victim allegedly recanted the Original Statement as it related to aggravated kidnapping and aggravated rape, Wages did not seek to amend the arrest warrant. On August 10, 2019, Williams was arrested. (*Id.* at PageID 4-5). Williams fails to state a claim to relief.

A claim of false arrest or false imprisonment accrues at the time of arrest. *Wallace v. Kato*, 549 U.S. 384, 391-92, 397 (2007). Williams's claims of false arrest and false imprisonment against Wages accrued on August 10, 2019. The statute of limitations for those claims expired on August 10, 2020. *See* Tenn. Code Ann. § 28-3-104(a)(1)(B). Williams's § 1983 complaint is deemed filed on October 30, 2021. *See Houston*, 487 U.S. at 270. Williams's false arrest and false imprisonment claims against Wages in Wages' individual capacity are time-barred and are DISMISSED WITH PREJUDICE for that reason.

E.      CLAIMS AGAINST JUDGE LEE COFFEE

Williams alleges that Judge Lee Coffee was "advised of the [alleged prosecutorial] misconduct and also has failed to correct these injustices." (ECF No. 1-1 at PageID 8.) Williams's claims under § 1983 against Judge Coffee fail as a matter of law.

It is well settled that judges, in the performance of their judicial functions, are absolutely immune from civil liability. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty.*, 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson*, 508 U.S. 429, 435-36 (1993).

Judge Coffee's rulings and orders during the criminal case against Williams were within the scope of Judge Coffee's judicial functions. Williams' claims under § 1983 against Judge Coffee are barred by judicial immunity and are DISMISSED WITH PREJUDICE for that reason.

III.      AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. State*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for

9

failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court grants Williams leave to amend the claims dismissed without prejudice under the conditions set forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of claims. An amended complaint supersedes the complaint and must be complete in itself without reference to the prior pleadings. Williams must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.

The Court grants Williams one opportunity to amend his claims. If Williams fails to amend his claims within twenty-one (21) days after the date of this order, the Court will dismiss the case and enter judgment. The Court recommends that any such dismissal of this case be treated as a

strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 351 (6th Cir. 2021).

## IV. <u>CONCLUSION</u>

For the reasons explained above:

**A.** The Court DISMISSES WITH PREJUDICE the: (1) claims arising from conduct that occurred before October 30, 2020; (2) claim of malicious prosecution against the Individual Defendants in their individual capacities; (3) claims of false arrest and false imprisonment against Wages in Wages' individual capacity; and (4) claims against Judge Coffee (ECF No. 1);

**B.** The remaining claims in the complaint (ECF No. 1) are DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(b).  Leave to amend those claims is GRANTED.  Any amendment must be filed within TWENTY-ONE (21) days after the date of entry of this Order and pursuant to the conditions described in this Order; and

**C.** To the extent Williams's letter to the Court filed on December 17, 2021 seeks the issuance of subpoenas to the Defendants (ECF No. 5), Williams's application is DENIED as moot because Williams's complaint is being dismissed.  If the case proceeds, Williams may re-submit his application.

IT IS SO ORDERED, this 26th day of October, 2022.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE