UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERRANCE WILLIAMS,            ) | |
|                              ) | |
|    Plaintiff,                 ) | |
|                              ) | |
| vs.                          ) | No. 2:21-cv-2741-SHM-tmp |
|                              ) | |
| AMY WEIRICH, ET AL.,          ) | |
|                              ) | |
|    Defendants.               ) | |

**ORDER DENYING MOTION FOR EXTENSION OF TIME TO AMEND (ECF NO. 7);
DISMISSING CASE;
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING WILLIAMS OF THE APPELLATE FILING FEE;
AND RECOMMENDING THIS DISMISSAL BE TREATED AS A STRIKE UNDER
§ 28 U.S.C. 1915(g)**

On November 30, 2021, Plaintiff Terrance Williams ("Williams") filed a *pro se* civil complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) When Williams filed the complaint, he was confined at the Shelby County Criminal Justice Center (the "SCCJC"), in Memphis, Tennessee. (ECF No. 1 at PageID 2.) On December 1, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915(a)-(b), *et seq.*. (ECF No. 4.) On October 26, 2022, the Court partially dismissed the complaint with prejudice, partially dismissed the complaint without prejudice, granted leave to amend the claims dismissed without prejudice, and denied Williams's motion for issuance of subpoenas. (ECF No. 6 (the "Screening Order").) Williams's deadline to amend the complaint expired on Wednesday, November 16, 2022. (*See id*. at PageID 36.) Williams did not file, on or before November 16, 2022, an amended complaint or a request for extension of time to amend.

On November 21, 2022, Williams filed a letter seeking an extension of time to amend the complaint, offering two (2) reasons for his request. (ECF No. 7 (the "Letter").) Neither reason warrants the relief Williams seeks.

First, Williams requests an extension of time to amend the complaint's claims of "false arrest and false imprisonment." (*Id*. at PageID 40.) Williams says that he "had no knowledge of the malicious prosecution [claim] … until October of 2020 because that is when I was given discovery of the case." (*Id*. at PageID 38.)

When a plaintiff's complaint under § 1983 alleges a claim of false arrest or false imprisonment, and "the arrest is followed by criminal proceedings," the statute of limitations "begins to run at the time the [plaintiff] becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *see also Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) ("[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends"). Williams acknowledges: (1) he was arrested on August 10, 2019; (2) he appeared for a preliminary hearing on August 22, 2019; and (3) he was indicted on May 19, 2020. (ECF No. 1-1 at PageID 4-5.) Williams "was clearly detained pursuant to 'legal process' and his cause of action for the alleged false arrest / imprisonment accrued by [the August 22, 2019 preliminary hearing date], or, … at the latest, …[the May 19, 2020 indictment date]." *See Reece v. Whitley*, No. 16-6793, 2018 WL 11363779, at *4 (6th Cir. May 14, 2018) (citing *Wallace*, 549 U.S. at 397). Because Williams did not file his complaint until October 30, 2021 (*see* ECF No. 1 at PageID 3; ECF No. 6 at PageID 30), his claims of false arrest and false imprisonment are time-barred. The Court DENIES an extension of time to amend the complaint's claims of false arrest and false imprisonment because amendment would be futile. The complaint's claims of false arrest and false imprisonment are time-barred.

Second, Williams disputes the Screening Order's conclusion that his malicious prosecution claim against the Individual Defendants fails as a matter of law. (ECF No. 7 at PageID 38-40; *see also* ECF No. 6 at PageID 33-34 (concluding that Williams's claim of malicious prosecution is barred by the doctrine of prosecutorial immunity).) Williams argues the doctrine of prosecutorial immunity should not apply to bar his claim of malicious prosecution. Williams says that "the prosecution knew the allegations were false … I have intentionally been held on charges that the state 'kn[e]w' are false." (ECF No. 7 at PageID 39-40.)

"A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). A prosecutor's decision to bring or not to bring charges against a particular person is protected by prosecutorial immunity. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). A prosecutor's conduct outside the judicial phase of the criminal process, such as conduct as an investigator or administrator, is not protected by prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009). The Letter alleges no facts suggesting that Williams's malicious prosecution claim against the Individual Defendants arises from conduct they took outside their prosecutorial role. The Letter instead offers only Williams's opinion:

> [T]he prosecution knew the allegations were false because the prosecution's allegations were directly contradicted by the allege[d] victim's statement. The prosecution deliberately deceived the grand jury and they were totally unaware of the alleged victim's doubtful credibility … I have intentionally been held on charges that the state 'know[s]' are false, but the state prosecution still presented these false offenses and false testimony to the grand jury to have me illegally charged and held on offenses that they 'knew' were false. That act in itself is clearly vindictive and malicious prosecution.

(ECF No. 7 at PageID 39-40.) Williams should not be granted an extension of time to amend the complaint's claim of malicious prosecution. Amendment of his claim of malicious prosecution would be futile. That claim arises solely from actions the Individual Defendants took in their traditional roles as prosecutors for the State of Tennessee. The Individual Defendants are immune

3

from suit for that conduct pursuant to the doctrine of prosecutorial immunity. The Court DENIES an extension of time to amend the complaint's claim of malicious prosecution.

Williams has not filed timely amendments of claims dismissed without prejudice in the Screening Order.

For the reasons explained above, the Court DISMISSES this case with prejudice in its entirety for the reasons discussed in the Screening Order. Judgment will be entered in accordance with the Screening Order.

For § 1915(g) analysis of Williams's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021); *see also* ECF No. 6 at PageID 36-37 (recommending that a dismissal of this case for Williams's failure to timely amend be treated as a strike pursuant to § 1915(g).)

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Williams would not be taken in good faith. If Williams nevertheless chooses to file a notice of appeal, Williams must either (1) pay the entire $505 appellate filing fee or, if Williams is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of Williams's inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

IT IS SO ORDERED, this 13th day of June, 2023.

>/s/ *Samuel H. Mays, Jr.*
> SAMUEL H. MAYS, JR.
> UNITED STATES DISTRICT JUDGE